JUDGE LYNCH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA           :   INDICTMENT

         -v.-                      :   08 Cr.

MAHER MOFTAH, and                  :
MAGTOUF KLITI,
     a/k/a "Omar,"                 :

                    Defendants.        08 CRIM 299

- - - - - - - - - - - - - - - - - -x

COUNT ONE

The Grand Jury charges:

1.   From at least in or about June 2007, up to and including on or about January 17, 2008, in the Southern District of New York and elsewhere, MAHER MOFTAH and MAGTOUF KLITI, a/k/a "Omar," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to violate Section 1029(a)(5) of Title 18, United States Code.

2.   It was a part and an object of said conspiracy that MAHER MOFTAH and MAGTOUF KLITI, a/k/a "Omar," the defendants, and others known and unknown, in an offense affecting interstate and foreign commerce, unlawfully, willfully, and knowingly, and with intent to defraud, would and did effect transactions, with one and more access devices issued to another person and persons, to receive payment and other things of value during a one-year period, the aggregate value of which is equal

to and greater than $1,000, in violation of Title 18, United States Code, Section 1029(a)(5).

## Overt Acts

3. In furtherance of said conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. On or about September 4, 2007, MAGTOUF KLITI, a/k/a "Omar," the defendant, met with witness who was cooperating with the government ("CW-1") in New York, New York.

    b. On or about September 14, 2007, MAHER MOFTAH, the defendant, wired money to KLITI as partial payment from the proceeds of the conspiracy.

(Title 18, United States Code, Section 1029(b)(2).)

## COUNT TWO

4. From at least in or about June 2007, up to and including on or about January 17, 2008, in the Southern District of New York and elsewhere, MAHER MOFTAH and MAGTOUF KLITI, a/k/a "Omar," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to violate Section 1028(a)(2) of Title 18, United States Code.

5. It was a part and an object of said conspiracy that MAHER MOFTAH and MAGTOUF KLITI, a/k/a "Omar," the

-2-

defendants, and others known and unknown, unlawfully, knowingly, and willfully, would and did transfer an identification document, authentication feature, or a false identification document knowing that such document and feature was stolen and produced without lawful authority, in violation of Title 18, United States Code, Sections 1028(a)(2) and (c)(3).

## Overt Acts

6. In furtherance of said conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. On or about September 4, 2007, CW-1 met with MAGTOUF KLITI, a/k/a "Omar," the defendant, in New York, New York to discuss the purchase of social security cards.

    b. On or about November 26, 2007, a package which included two fraudulent social security cards that was sent by MAHER MOFTAH, the defendant, and was addressed to CW-1, arrived at an address in New York, New York.

(Title 18, United States Code, Section 1028(f).)

## FORFEITURE ALLEGATION

7. As a result of committing one or more of the foregoing offenses alleged in Counts One and Two of this Indictment, MAHER MOFTAH and MAGTOUF KLITI, a/k/a "Omar," the defendants, shall forfeit to the United States, pursuant to 18

U.S.C. § 982(a)(2)(B), any property constituting or derived from proceeds obtained directly or indirectly as a result of violations of Title 18, United States Code, Sections 1028(f) and 1029(b)(2), including but not limited to the following:

    a.   At least $27,000 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the offenses charged herein, for which the defendants are jointly and severally liable.

### Substitute Asset Provision

    8.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982 and Title 18, United States Code, Sections 1028, 1929 and 1930.)

_____  
Foreperson

_____  
MICHAEL J. GARCIA  
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

MAHER MOFTAH and
MAGTOUF KLITI, a/k/a "Omar,"

Defendants.

INDICTMENT

08 Cr.

(18 U.S.C. §§ 1028(f) and 1029(b)(2).)


MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

Foreperson.